## MUTZENBECHER et al. v. BALLARD.

(District Court, S. D. New York. December 15, 1925.)

**I. War ⬄12—Right of Alien Property Custodian to commissions due German co-partnership includes obligations for future payments although never in fact paid (Trading with the Enemy Act [Comp. St. §§ 3115½a–3115½j]).**

Under Trading with the Enemy Act (Comp. St. §§ 3115½a–3115½j), right to commissions due a German copartnership under insurance contracts includes obligations for payment of money which might become due at later date, even though never in fact paid.

**2. War ⬄12—Alien Property Custodian, after seizing right of German copartnership to commissions, was only one who could bring suit thereon.**

After Alien Property Custodian made seizures of right, title, and interest of a German copartnership to insurance commissions, the Custodian was the only one who could make claim or bring suit against one from whom commissions were due.

**3. War ⬄12—After disposition of seized property by Alien Property Custodian, or adjustment of alleged claim, enemy alien cannot attack settlement or sue on claim.**

Where Alien Property Custodian has made disposition of property of enemy alien, including adjustment of alleged claim, such settlement cannot be attacked by enemy alien, or suit brought thereon.

**4. War ⬄12—German nationals must look to their own government for redess of any grievance in connection with seizures under Trading with the Enemy Act (Comp. St. §§ 3115½a–3115½j).**

Under Treaty of Berlin, entered into between the United States and Germany August 25, 1921 (42 Stat. 1939), German nationals must look to their own government for redress of any grievance in connection with seizures under Trading with the Enemy Act (Comp. St. §§ 3115½a–3115½j).

Decree affirmed 16 F.(2d) 174.

Wise, Whitney & Parker, of New York City (Christopher Nixon, of New York City, of counsel), for plaintiffs.

Rumsey & Morgan, of New York City (David Rumsey and Henry N. Arnold, both of New York City, of counsel), for defendant.

GODDARD, District Judge. [1] Under the Trading with the Enemy Act (Comp. St. §§ 3115½a–3115½j), such interest as the plaintiff, a German copartnership, had in commissions earned by Ballard under his contracts with the Skandinavia Insurance Company and with the National Insurance Company of Copenhagen, were subject to seizure by the Alien Property Custodian. All rights naturally include obligations for the payment of money to the enemy alien, even though such payments might not become due until a later date, and even though never in fact paid. Rumely v. United States (C. C. A.) 293 F. 532, certificate denied 263 U. S. 713, 44 S. Ct. 38, 68 L. Ed. 520; In re Miller (C. C. A.) 281 F. 764.

[2] On April 19, 1919, May 7, 1919, and June 16, 1919, the Alien Property Custodian made seizures of the right, title, and interest to these commissions. Thereupon the Alien Property Custodian became the only one who could make claim or bring suit against Ballard, where the recovery was founded upon the former right of Mutzenbecher. Miller v. Rouse (D. C.) 276 F. 715; In re Miller (C. C. A.) 281 F. 764.

[3] Where the Alien Property Custodian has made a disposition of seized property of an enemy alien, including the adjustment of an alleged claim, such settlement cannot be attacked by the enemy alien, nor has the enemy alien any standing in a suit brought against the one with whom the Alien Property Custodian has settled. Junkers v. Chemical Foundation (D. C.) 287 F. 597; Munich Reinsurance Co. v. First Reinsurance Co. (C. C. A.) 6 F.(2d) 742.

[4] Under the Treaty of Berlin, entered into between the United States and Germany on August 25, 1921 (42 Stat. 1939), the German nationals must look to their own government for redress of any grievance, if any exist, in connection with such seizure, and cannot proceed either against the American citizen or the United States. While it is true that the position taken by the defendant at the time of the seizure by the Alien Property Custodian and the position he now takes are inconsistent, and may not appeal to this court, nevertheless it seems to me that the attitude of the defendant cannot, under the statute, affect the situation now presented in view of the fact that all the plaintiffs' rights were seized by the Alien Property Custodian and vested in him.

The motion to dismiss the bill must be granted.